# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRENDENE USA, INC., a Delaware corporation; GRENDENE S.A., a Brazil corporation,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br><br>JAMES W. BRADY; PATRICIA M. BRADY,<br>　　　　　　　　　　Defendants. | CASE NO. 3:14-cv-2955-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING GRENDENE'S MOTION TO CONSOLIDATE;**<br><br>**[ECF No. 8]**<br><br>**(2) DENYING THE BRADYS' MOTION TO DISMISS;**<br><br>**[ECF No. 9]**<br><br>**(3) VACATING HEARING DATE** |

## I. INTRODUCTION

Before the Court are Plaintiff Grendene USA, Inc. and Grendene S.A.'s (collectively, "Grendene") Motion to Consolidate, (ECF No. 8), and Defendant James W. Brady and Patricia M. Brady's (collectively, the "Bradys") Motion to Dismiss, (ECF No. 9). The parties have fully briefed the motions. (ECF Nos. 8, 9, 14, 17, 18, 20.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court DENIES Grendene's Motion to Consolidate and DENIES the Bradys' Motion to Dismiss.

/ /

## II. BACKGROUND

On March 9, 2012, the Bradys filed a complaint against Grendene alleging trademark infringement (the "Trademark Action"). Complaint, *Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Mar. 9, 2012), ECF No. 1. On September 27, 2013, Grendene filed an answer in the Trademark Action. Answer, *Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Sept. 3, 2013), ECF No. 56. On May 30, 2014, Grendene filed a motion for summary judgment in the Trademark Action arguing that a February 16, 1995, settlement agreement between Made in Brazil, Inc., the Bradys' company, and the Ipanema Show Corporation ("ISC") (the "Settlement Agreement") bars the Bradys' trademark infringement causes of action because Grendene has succeeded to ISC's rights in the Settlement Agreement. Motion for Summary Judgment, *Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. May 30, 2014), ECF No. 72.

On December 15, 2014, Grendene filed a complaint against the Bradys alleging a breach of the Settlement Agreement. (ECF No. 1.) On January 6, 2015, Grendene filed a motion to consolidate this action with the Trademark Action. (ECF No. 8.) On February 27, 2015, the Bradys filed an opposition to Grendene's motion to consolidate. (ECF No. 14.) On March 13, 2015, Grendene replied to the Bradys' opposition. (ECF No. 20.)

On February 2, 2015, the Bradys filed a motion to dismiss this action. (ECF No. 9.) On February 27, 2015, Grendene filed an opposition to the Bradys' motion to dismiss. (ECF No. 17.) On March 13, 2015, the Bradys replied to Grendene's opposition. (ECF No. 18.)

In its complaint in this action, Grendene alleges that: (1) it is a successor to the Settlement Agreement, and (2) the Bradys have breached that agreement's covenant not to sue by filing the Trademark Action. (ECF No. 1 ¶¶ 16, 21, 28.) Based on that breach, Grendene seeks damages for "attorneys' fees, costs and expenses." (*Id.* ¶ 35.)

/ /

## III. LEGAL STANDARD

**A. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the

form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B. Motion to Consolidate**

Federal Rule of Civil Procedure 42(a) grants the Court broad discretion to consolidate separate actions. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Under Rule 42(a), the Court may consolidate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). The Court should also consider weigh any time and effort saved by consolidation against any "inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984) (citations omitted).

## IV. DISCUSSION

**A. Compulsory Counterclaim**

First, the Bradys argue that Grendene's breach of contract cause of action is a compulsory counterclaim that should have been raised in the Trademark Action. (ECF No. 9-1, at 3–5.) Federal Rule of Civil Procedure 13(a) defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the *subject matter of the opposing party's claim*." FED. R. CIV. P. 13(a) (emphasis added). The Bradys cite *Competitive Techs. v. Fujitus Ltd.*, 286 F. Supp. 2d 1118, 1139 (N.D. Cal. 2003), for the proposition that compulsory counterclaims can arise out of affirmative defenses. (ECF No. 9-1, at 4.) But *Competitive Techs.* cites no Ninth Circuit precedent and appears at odds with the text of Rule 13(a) which considers only the "opposing party's claim," not any affirmative defenses thereto. *See Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1069 n.3 (E.D. Cal. 2005) (discussing the weaknesses in *Competitive Techs.*). Accordingly, the Court does not find it appropriate to consider affirmative defenses when analyzing whether a counterclaim is compulsory under Rule 13(a).

In determining whether a counterclaim is compulsory, the Ninth Circuit applies the "logical relationship test" which "analyze[s] whether the essential facts of the

various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)). Applying the logical relationship test, the "essential facts" of the Bradys' causes of action in the Trademark Action differ from those of Grendene's breach of contract cause of action. The Trademark Action involves facts dealing with alleged infringement. Amended Complaint, *Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Mar. 6, 2012), ECF No. 4. This action involves facts dealing with the Bradys decision to file a lawsuit based on that alleged infringement. (ECF No. 1.) These are separate facts as the decision to bring a legal cause of action is separate from the elements of that cause of action. Accordingly, the Court finds that Grendene's breach of contract cause of action was not a compulsory counterclaim.

**B. Attorney Fees**

Second, the Bradys argue that Grendene has failed to state a claim for two reasons: (1) Grendene has failed to allege bad faith under the standard articulated by *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d 1002, 1007–08 (2d Cir. 1966); and (2) the Settlement Agreement does not provide for attorney fees in the absence of bad faith. (ECF No. 9-1, at ; ECF No..) The Settlement Agreement states that it is governed by New York law. (ECF No.7, Ex. A ¶ 8.) Under New York law, the general rule is that attorney fees are not awarded unless "authorized by agreement between the parties, statute or court rule." *Hooper Assocs. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (N.Y. 1989) (citations omitted).

The Second Circuit in *Artvale*, arguably interpreting New York law,[1] held that attorney fees may be recovered as damages for a lawsuit "brought in obvious breach

---

[1] *See Kamfar v. New World Rest. Group, Inc.*, 347 F. Supp. 2d 38, 51 n.64 (S.D.N.Y. 2004) ("Judge Friendly's opinion in *Artvale* did not state explicitly whether its holding was based on New York or federal common law, but subsequent cases implicitly or explicitly have treated *Artvale* as expressing the Second Circuit's view of New York law on this issue.") (citations omitted).

or otherwise in bad faith." 363 F.2d 1002, 1008. As an initial matter, "*Artvale* appears never to have been endorsed by the New York state courts" and cites no New York state authority to justify its interpretation. *Versatile Housewares & Gardening Systems, Inc. v. Thrill Logistics, Inc.*, 819 F. Supp. 2d 230, 245 (S.D.N.Y. 2011). However, the Court need not decide whether bad faith can justify attorney fees because, as discussed below, Grendene has carried its burden under Rule 12(b)(6).

At least one New York appellate court has indicated that an agreement to pay attorney fees is implicit in a covenant not to sue. *See McMahan & Co. v. Bass*, 673 N.Y.S.2d 19, 21 (N.Y. App. Div. 1998) ("Absent a covenant not to sue, there exists no implicit agreement by defendants to pay the attorneys' fees, as would result from breach of a covenant not to sue."). Indeed the court in *McMahan* made no reference to bad faith as a requirement for obtaining attorney fees pursuant to a covenant not to sue. *See id.* As Grendene's complaint alleges that the Settlement Agreement contained a covenant not to sue, that Grendene is a successor to that agreement, and that the Bradys are in breach of that covenant, the Court finds that Grendene has offered sufficient facts to "state a claim to relief that is plausible on its face."[2] *Twombly*, 550 U.S. at 547. Accordingly, the Court DENIES the Bradys' motion to dismiss.

**C. Consolidation**

Third, Grendene moves to consolidate this action with the Trademark Action. (ECF No. 8.) Grendene argues that both "actions involve common questions of law and fact." (ECF No. 8, at 2.) The Bradys opposition to consolidation mainly restates the same arguments made in their motion to dismiss, (*see* ECF No. 14, at 3–5), which the Court has already rejected.

Grendene filed its motion to consolidate on January 6, 2015, a mere three weeks after it filed its complaint in this action. (*See* ECF Nos. 1, 8.) Thus it appears that Grendene filed this motion to consolidate as an end run around Grendene's obligation

---

[2] The Court is not deciding whether attorney fees are definitively available under New York law, but merely that, based on *McMahan*, such a claim is plausible.

```
```
Case 3:14-cv-02955-GPC-KSC   Document 21   Filed 04/01/15   PageID.397   Page 7 of 7

to satisfy both Federal Rule of Civil Procedure 16's good cause requirement and the *Foman* factors under Federal Rule of Civil Procedure 15 if it wished to amend its answer in the Trademark Action to add a breach of contract counterclaim.[3] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (discussing the factors that apply to a motion to amend under Rule 15); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (noting that a party must first meet Rule 16's good cause requirement if a scheduling order deadline has passed, and then show that amendment is proper under Rule 15); FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If Grendene wanted its breach of contract counterclaim heard in the Trademark Action, it should have filed a motion to amend its answer, yet it did not. In light of such a bald-faced attempt to avoid Rules 15 and 16, the Court declines to exercise its discretion to consolidate the actions and thus **DENIES** Grendene's motion to consolidate.

## V. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Grendene's Motion to Consolidate, (ECF No. 8), is **DENIED**;

2. The Bradys' Motion to Dismiss, (ECF No. 9), is **DENIED**; and

3. The hearing set for April 3, 2015, is **VACATED**.

DATED: April 1, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[3] The deadline to amend pleadings in the Trademark Action was March 14, 2014. Scheduling Order, *Brady v. Grendene USA, Inc.*, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Feb. 11, 2014), ECF No. 62.