# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRENDENE USA, INC., a Delaware corporation, and GRENDENE S.A., a Brazil corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br><br><br>JAMES W. BRADY and PATRICIA M. BRADY,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:14-cv-2955-GPC-KSC<br><br>**ORDER**:<br><br>**(1) GRANTING Grendene's *Ex Parte* Request to File Sur-Reply;**<br>**[ECF NO. 31]**<br><br>**(2) GRANTING the Bradys' *Ex Parte* Request to File Response to the Sur-Reply;**<br>**[ECF NO. 32]**<br><br>**(3) GRANTING the Bradys' Motion to Stay;**<br>**[ECF NO. 25]**<br><br>**(4) STAYING the case pending final resolution of the Trademark Action;**<br><br>**(5) ORDERING the Bradys to file notice within thirty (30) days of the final resolution of the Trademark Action;**<br><br>**(6) VACATING Hearing Date** |

## I. INTRODUCTION

Before the Court is Defendants James W. Brady and Patricia M. Brady's (collectively, the "Bradys") Motion to Stay, (ECF No. 25), Plaintiffs Grendene USA, Inc. and Grendene S.A.'s (collectively, "Grendene") *Ex Parte* Request to File Sur-Reply, (ECF No. 31), and the Bradys' *Ex Parte* Request to File Response to the

<sub>Sur-Reply, (ECF No. 32.)  For the reasons below, the Court GRANTS Grendene's *Ex Parte* Request to File Sur-Reply, GRANTS the Bradys' *Ex Parte* Request to File a Response to the Sur-Reply, and GRANTS the Bradys' Motion to Stay.</sub>

## II. BACKGROUND

On March 9, 2012, the Bradys filed a complaint in a related action against Grendene alleging trademark infringement (the "Trademark Action"). Complaint, Brady v. Grendene USA, Inc., No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Mar. 9, 2012), ECF No. 1.

On December 15, 2014, Grendene filed a complaint in this action against the Bradys alleging a breach of a February 16, 1995, settlement agreement between Made in Brazil, Inc., the Bradys' company, and the Ipanema Show Corporation ("ISC") (the "Settlement Agreement"). (ECF No. 1.) In its complaint in this action, Grendene alleges that: (1) it is a successor to the Settlement Agreement, and (2) the Bradys have breached the Settlement Agreement's covenant not to sue by filing the Trademark Action. (Id. ¶¶ 16, 21, 28.) Based on that breach, Grendene seeks damages for "attorneys' fees, costs and expenses." (Id. ¶ 35.)

On May 12, 2015, the Bradys filed a motion to stay this action pending final resolution of the Trademark Action. (ECF No. 25.) On May 29, 2015, Grendene submitted an opposition to the motion to stay. (ECF No. 28.)

On June 3, 2015, in the Trademark Action, the Court granted Grendene's motion for summary judgment, finding that Grendene was a successor to the Settlement Agreement. Order Granting Grendene's Partial Renewed Motion for Summary Judgment, Brady v. Grendene USA, Inc., No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Mar. 9, 2012), ECF No. 295.

On June 5, 2015, in this action, the Bradys submitted a reply in support of their motion to stay pending final resolution of the Trademark Action because the Bradys intend to appeal the summary judgment in favor of Grendene. (ECF No. 29.)

<sub><sub><sub>- 2 -</sub></sub></sub>

<sub>3:14-cv-2955-GPC-KSC</sub>

On June 11, 2015, Grendene submitted an *ex parte* request to file sur-reply.[1] (ECF No. 31.) On June 19, 2015, the Bradys submitted an *ex parte* request to file a response to Grendene's sur-reply.[2] (ECF No. 32.)

## III. LEGAL STANDARD

The Court has inherent powers "to control its own docket and to provide for the prompt and efficient determination of the cases pending before it." <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979) (concluding "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")

**A.    Stay of Proceedings**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing <u>CMAX Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Id.</u>

///

---

[1] Grendene moved for leave to file a sur-reply. (ECF No. 31.) Good cause appearing, Grendene's *ex parte* motion is GRANTED and the Court considers the arguments contained in their sur-reply, (ECF No. 31-1).

[2] The Bradys moved for leave to respond to Grendene's sur-reply. (ECF No. 32.) Good cause appearing, the Bradys' *ex parte* motion is GRANTED and the Court considers the arguments contained in their response, (ECF No. 32-1).

**B. Stay of Judgments**

When determining whether to grant a motion to stay a judgment pending appeal, district courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

## IV. DISCUSSION

On its face, it appears that before the Court is a motion to stay proceedings pending the appeal of an independent action, as opposed to a motion to stay a judgment pending the appeal of that same judgment. However, the posture of this action causes the Bradys' motion to stay to fall somewhere between the two standards. As the Bradys note on multiple occasions, final resolution of the Trademark Action will be res judicata in this action because it will determine Grendene's claim as a successor to the Settlement Agreement. (ECF No. 25-1, at 1; ECF No. 29, at 1-2.) Grendene's claim as a successor to the Settlement Agreement is central to both actions; thus, even though this action and the Trademark Action are two separate actions, they function almost as one for the purpose of deciding this motion.[3] The outcome of an appeal in the Trademark Action would necessarily affect the outcome of this action. Because the Bradys' motion to stay resembles a hybrid of a motion to stay proceedings and a motion to stay a judgment, the Court will consider factors from both standards. See Clinton, 520 U.S. at 706 (finding that the district court has broad discretion to choose to grant a stay).

---

[3] On January 6, 2015, Grendene submitted a motion to consolidate this action and the Trademark Action because both actions involve the same parties and the same issue regarding the Settlement Agreement. (ECF No. 8, at 2.) The Court recognized that the claim would usually be brought as a counterclaim in the Trademark Action, but declined to consolidate the cases because it found Grendene's motion to be an attempt to avoid amending its answer in the Trademark Action through Federal Rules of Civil Procedure 15 and 16. (ECF No. 21, at 7.)

Accordingly, the Court considers "(1) whether [the Bradys have] made a strong showing that [they are] likely to succeed on the merits," <u>Hilton</u>, 481 U.S. at 776, (2) "the possible damage which may result from the granting of a stay, [(3)] the hardship or inequity which [the Bradys] may suffer in being required to go forward, and [(4)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Lockyer</u>, 398 F.3d at 1110 (citing <u>CMAX Inc.</u>, 300 F.3d at 268).

**A.  Whether the Bradys Have Made a Strong Showing That They are Likely to Succeed on the Merits**

The Bradys have expressed their intention to appeal the summary judgment against them in the Trademark Action. (ECF No. 29, at 1.) The Bradys argue that it is unnecessary for them to establish their likelihood of success on appeal in the Trademark Action because they seek a stay of the proceedings in this action. (ECF No. 32-1, at 2.) Even so, the Bradys contend that their appeal of the summary judgment in the Trademark Action is likely to succeed because they need only establish the existence of a genuine issue of material fact to reverse the summary judgment. (<u>Id.</u> at 4.)

The Bradys look to their Motion for Reconsideration in the Trademark Action, which is still pending, to make a showing that they are likely to succeed on the merits. Motion for Reconsideration, <u>Brady v. Grendene USA, Inc.</u>, No. 3:12-cv-0604-GPC-KSC (S.D. Cal. Mar. 9, 2012), ECF No. 305-1. The Bradys assert that the Court's decision to grant summary judgment in the Trademark Action "was based on clear error and would work manifest injustice." <u>Id.</u> at 4. According to the Bradys, the Court "improperly disregarded evidence undermining its findings of fact supporting its ruling that Grendene is a successor." <u>Id.</u> at 23.

Grendene argues that the Bradys have little chance of success on appeal from the summary judgment in the Trademark Action, "if indeed they actually bring [an appeal,]" due to the Court's finding that the Bradys could not satisfy their burden to

1  "'strictly prove' abandonment." (ECF No. 31-1, at 2.)

2  The Ninth Circuit reviews a district court's grant of summary judgment de
3  novo. Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1263 (9th Cir.
4  2015). It will uphold the summary judgment if "there is no genuine dispute as to any
5  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.
6  P. 56. The Court stands behind its ruling on the summary judgment in the
7  Trademark Action; however, as this factor only addresses the strength of the
8  showing made by the Bradys, the Court recognizes that the Bradys' pleading in their
9  motion for reconsideration makes a sufficient showing that there is potential for
10 success on appeal.

11 **B.     The Possible Damage Which May Result From the Granting of a Stay**

12      Grendene argues that, given the Bradys' recognition that appealing the
13 Trademark Action summary judgment would take "*at least* another year," delaying
14 resolution of this action would be prejudicial because Grendene would remain "in
15 the shadow of the Bradys' baseless infringement claims." (ECF No. 31-1, at 2-3
16 (emphasis in original).) Grendene further contends that, because of the Court's
17 finding in the Trademark Action that the Settlement Agreement bars the Bradys'
18 claims against Grendene, there is "no reason to delay" resolving this action so that
19 Grendene may receive damages for the fees it incurred defending itself in the
20 Trademark Action. (Id.) Lastly, Grendene argues that the Bradys' "bad faith
21 conduct," referencing their destruction of communications during a previous action
22 before a different court, is another reason that this action should not be "indefinitely
23 delayed." (Id. at 3.)

24      In response, the Bradys argue that Grendene will suffer no "cognizable" harm
25 as a result of a stay. (ECF No. 32-1, at 5.) The Bradys contend that Grendene will
26 not suffer any additional prejudice if this action is stayed because uncertainty as to
27 the trademark infringement claims will remain as long as the appeal in the
28 Trademark Action is pending. (Id.) Furthermore, the Bradys argue that a stay should

not be denied simply because Grendene would experience a delay in receiving monetary damages. (Id.) Lastly, the Bradys reject Grendene's allegation of bad faith destruction of evidence, and argue that the allegations are irrelevant to the Settlement Agreement at issue in this action. (ECF No. 32-1, at 5-6.)

Grendene has not made a strong showing in support of its assertion that it will be prejudiced and suffer damage in the event of a stay. The Bradys' infringement claims against Grendene in the Trademark Action will continue until the appeal is decided, regardless of whether a stay of this action is granted. Although Grendene contends that there is no reason to delay this action so that it may receive the monetary damages it claims in this action as a result of the Trademark Action, Grendene fails to prove that it will suffer any damage beyond delayed monetary relief. Delay in monetary relief alone is not a sufficient basis to deny a stay. See Lockyer, 398 F.3d at 1110.

**C.  The Hardship or Inequity the Bradys May Suffer in Being Required to Go Forward**

The Bradys argue that the cost of proceeding in this action absent a stay will cause them to suffer significant hardship due to their "limited resources." (ECF No. 32-1, at 4.) In addition to the costs of pursuing a legal action, the Bradys argue that they need to conduct discovery if this action proceeds, which will further add to their costs.[4] (Id.) Lastly, the Bradys contend that, as a "small family owned business with limited resources," requiring them to wait to see if the Ninth Circuit overturns the summary judgment in the Trademark Action and then reverse the award of damages in this action would cause them to "suffer irreparable harm." (Id.)

Grendene argues that little, if any, injury will come to the Bradys if their motion to stay is denied. (ECF No. 31-1, at 2.) Grendene contends that the majority

---

[4] The Bradys state their need for discovery in this action, (ECF No. 32-1, at 4), but do not give further explanation as to what discovery will be needed beyond that which was already conducted for the Trademark Action.

of the discovery pertinent to this action was completed in the Trademark Action, and thus asserts that liability in this action could likely be resolved by way of summary judgment. (Id.) Grendene also argues that if the summary judgment in the Trademark Action was reversed on appeal, then damages awarded to Grendene in this action for the Bradys' breach of the Agreement could also be reversed. (Id.)

Although the Bradys do not provide the Court with details regarding their limited resources or how quickly those resources might be drained if required to proceed in this action, it would be a burden to both parties to go through pretrial and trial proceedings in this action when the outcome might be substantially affected by the Ninth Circuit's decision on appeal from the Trademark Action summary judgment. See Leyva, 593 F.2d at 864 (finding it burdensome to allow the case to proceed while an arbitrator went through "a substantially similar process."). Also, in the case of a reversal of the summary judgment in the Trademark Action, requiring the Bradys to initiate yet another action in order to reverse damages that may be awarded to Grendene in this action would place an additional burden on the Bradys.

**D.     The Orderly Course of Justice Measured in Terms of the Simplifying or Complicating of Issues, Proof, and Questions of Law Which Could be Expected to Result From a Stay**

The Bradys argue that a stay in this action "will serve judicial economy." (ECF No. 25-1, at 6.) The issues of preclusion in this action will be affected in the event the Ninth Circuit reverses the summary judgment in favor of Grendene in the Trademark Action, therefore the Bradys argue a stay in this action is justified. (ECF No. 32-1, at 6-7.)

Grendene argues that this factor weighs against a stay because such a stay could cause an indefinite delay due to the uncertainty as to when the Ninth Circuit would rule on the appeal of the Trademark Action summary judgment, and the additional possibility that the Bradys would seek review by the United States Supreme Court. (ECF No. 31-1, at 3.)

A stay may allow courts to avoid redundant litigation, but the Ninth Circuit cautions against granting a stay "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, 593 F.2d at 864. The Court recognizes Grendene's concern regarding the as of yet undetermined length of the requested stay. However, a reversal of the Trademark Action summary judgment would invalidate the preclusive effect of the Court's decision in the Trademark Action on this action. Absent a stay, a reversal of the Trademark Action summary judgment would cause the same issue, whether Grendene is a successor to the Settlement Agreement, to be litigated in two separate actions simultaneously. With a stay, however, this action can be resumed either when the Ninth Circuit affirms the Trademark Action summary judgment or upon final resolution of the Trademark Action if the summary judgment is reversed.

Based on the competing interests, the Court concludes that a stay is appropriate based on the procedural posture of this case. A reversal by the Ninth Circuit will affect the decision of this Court. Accordingly, the Court **GRANTS** the Bradys' motion to stay pending the conclusion of the Trademark Action. However, to ensure that the appeal moves forward so that the stay does not last indefinitely, the Court **ORDERS** the Bradys to file notice within thirty (30) days of the final resolution of the Trademark Action.

## V. CONCLUSION AND ORDERS

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Grendene's *Ex Parte* Request to File Sur-Reply, (ECF No. 31), is **GRANTED**;

2. The Brady's *Ex Parte* Request to File Response to the Sur-Reply, (ECF No. 32), is **GRANTED**;

3. The Bradys' Motion to Stay, (ECF No. 25), is **GRANTED**;

4. The Court **STAYS** the case pending the conclusion of the Trademark

1 Action; and

2     5. The Bradys are **ORDERED** to file notice within thirty (30) days of the
3 final resolution of the Trademark Action; and

4     6. The hearing on this motion is **VACATED**.

5 DATED: July 30, 2015

                                 HON. GONZALO P. CURIEL
                                 United States District Judge